**Salem**

DORA LEE WINEGAR

v.

INTERNATIONAL TELEPHONE & TELEGRAPH, et al.

No. 0312-85

Argued September 18, 1985

Decided December 17, 1985

COUNSEL

Richard M. Thomas (Lichtenstein, Weckstein & Thomas, on briefs), for appellant.

Linda Davis Frith (Gentry, Locke, Rakes & Moore, on brief), for appellee.

OPINION

MOON, J.—Dora Lee Winegar appeals a decision of the Industrial Commission denying her compensation upon a finding that her injury was the result of an idiopathic fall not arising out of her employment. Mrs. Winegar claims that her fall was unexplained and, therefore, is presumed to arise out of her employment. We disagree because the evidence shows that the fall was idiopathic, resulting from Mrs. Winegar fainting. For this reason, we affirm.

■ A claimant has the burden of proving by a preponderance of the evidence, and not by mere conjecture or speculation, that an injury was the result of an accident which arose out of and in the course of the employment. *Central State Hospital* v. *Wiggers,* 230 Va. ___, 335 S.E.2d 257 (1985); *King's Market* v. *Porter,* 227 Va. 478, 484, 317 S.E.2d 146, 149 (1984). The evidence is uncontradicted that Mrs. Winegar fell during the course of her employment. The sole issue is whether or not the accident arose out of her employment.

■ An injury arises out of the employment:

when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury . . . . But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed

apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant.

*Central State Hospital,* 230 Va. at ___, 335 S.E.2d at 259 (quoting *Richmond Memorial Hospital* v. *Crane,* 222 Va. 283, 285, 278 S.E.2d 877, 878-79 (1981)). In other words, "arising out of" refers to the "origin or cause of the injury." *Baggett Transportation Co.* v. *Dillon,* 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978).

On May 25, 1984, Mrs. Winegar was walking on a level floor which had no foreign matter or other objects upon it to cause her to fall. Mrs. Winegar's supervisor, who was standing nearby, heard her groan and he turned around in time to see her fall to her knees and pitch forward. He called her name two or three times but she did not respond until he called her the fourth time. He testified that she appeared dazed after the fall. Mrs. Winegar was hospitalized because of a broken patella. "A couple of days" after her injury, Judy Johnson, her employer's occupational nurse, called Mrs. Winegar at the hospital to determine the cause of her injury. The nurse testified that Mrs. Winegar told her that as she was walking through the area she "apparently fainted."

Mrs. Winegar suffered from a number of physical problems before the fall. She had high blood pressure which required her to take anti-hypertension medication. This medication resulted in the lowering of her body's potassium level, a condition known as hypokalemia, which manifests itself by general weakness and dizziness. She, therefore, was required to take a potassium supplement to restore her potassium level to normal. However, she failed to take the potassium medicine as prescribed. She also suffered from Meniere's disease, a disorder of the inner ear marked by attacks of dizziness, which Dr. Ronald B. Overstreet testified "can be implicated as a cause of the fall." Dr. Overstreet concluded that, "[f]rom her history, she has had several of these episodes [i.e., fainting spells] in the past, and it is most likely the cause [of the fall] would be a simple faint."

Thus, there was evidence from which the Commission properly could have concluded that the fall occurred because of fainting and not from conditions of the employment.

At the hearing, Mrs. Winegar denied that she had fainted. She argues that since the doctor's report does not conclusively state that she fainted but only that it is likely that she fainted, then the employer failed to prove that the accident was idiopathic: caused by a disease or condition within herself. However, the employer did not bear the burden of proof—Mrs. Winegar did. Not only did her evidence fail to show her accident was unexplained, it was sufficient, in light of her admission, to prove the fall was idiopathic as found by the Commission.

Mrs. Winegar relies upon cases in which employees were found dead as the result of injuries sustained in unexplained accidents during the course of their employment. These cases hold that if an employee is where he is reasonably expected to be, and he is fatally injured by accident for no otherwise explainable reason, it is presumed that the accident arose out of and in the course of his employment. *See Southern Motor Lines Co.* v. *Alvis,* 200 Va. 168, 171-72, 104 S.E.2d 735, 738 (1958); *Sullivan* v. *Suffolk Peanut Co.,* 171 Va. 439, 444, 199 S.E. 504, 506 (1938). However,

[w]here liability is imposed on the employer on presumptive evidence to the effect that the death arose out of the employment, there must be an absence of contrary or conflicting evidence on the point and the circumstances which form the basis of the presumption must be of sufficient strength from which the only rational inference to be drawn is that death arose out of and in the course of the employment.

*Hopson* v. *Hungerford Coal Co.,* 187 Va. 299, 305, 46 S.E.2d 392, 395 (1948).

Not only did the evidence prove another cause of the accident (an idiopathic fall) but the circumstances surrounding the fall negated any inference that the fall arose out of the employment. Mrs. Winegar was walking on a level floor free from obstruction. Thus she did not prove that her employment was either "the origin or the cause of the fall." Therefore, there is credible evidence to support the findings of fact below and the decision will be affirmed.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.