**Alexandria**

JOHN J. WILLIAMS

v.

AUTO BROKERS, et al.

No. 0889-87-4

Decided July 19, 1988

COUNSEL

David J. Palmer (Lawrence J. Pascal; Ashcraft & Gerel, on briefs), for appellant.

Charles J. O'Hara (Joseph C. Veith, III; Bromley, Brown & Walsh, on brief), for appellees.

OPINION

MOON, J. — John J. Williams seeks reversal of an Industrial Commission decision denying him compensation. The full commission determined that Williams' testimony was not credible and could not support a finding that he had sustained a compensable injury. Williams maintains that because the deputy commissioner found him to be a credible witness, the full commission was bound to accept his testimony. We disagree.[1]

One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable

---

[1] Williams also alleges that the full commission erroneously determined that he failed to notify his employer of the injury within the prescribed time period. Because we hold that the evidence did not support the occurrence of a compensable injury, we do not reach the question whether timely notification occurred.

injury. *Hercules, Inc. v. Stump*, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986); *Winegar v. International Telephone & Telegraph*, 1 Va. App. 260, 261, 337 S.E.2d 760, 760 (1985). On appeal, the decision of the commission is conclusive and binding as to all questions of fact where the findings of fact are based upon credible evidence. *Board of Supervisors v. Martin*, 3 Va. App. 139, 146, 348 S.E.2d 540, 543 (1986).

Alleging that he suffered a compensable injury on January 3, 1986, Williams filed an application for hearing. Before Deputy Commissioner Tarr, Williams testified that for thirteen years he had worked at Auto Brokers where, as lot manager, he sold and financed used cars. He recounted that on January 3, 1986, he helped Edwin Lewandowski push a car several feet. Williams further testified that while pushing the car, he felt pain in his leg similar to a cramp. A hemilaminectomy performed on April 25, 1986, revealed that Williams was suffering from a herniated disc.

Mr. Lewandowski did not support Williams' assertions. When asked whether he recalled pushing a car with Williams, Lewandowski said "I don't remember pushing none, no sir." He was asked again with reference to a pole on the lot, "Do you remember pushing a car within that pole with Mr. Williams?" He responded, "I don't remember pushing no car at all, sir." When asked if he remembered pushing a car with Williams when Williams started shaking his leg, he responded "No, I don't remember. It's possible, but I don't remember it."

On cross-examination, Lewandowski responded to a question concerning the range of physical activities performed by Williams at Auto Brokers and testified, "Mr. Williams ain't never picked up nothing heavier than a pump all the time I worked there." Finally, after further questioning, Lewandowski testified that Mr. Williams had told him that if anyone asked, he should say that Williams hurt his back pushing a car.

The deputy commissioner decided to award Williams benefits. He concluded that Williams' testimony concerning the accident was both credible and corroborated by medical records. He also stated that Lewandowski's testimony did not impeach Williams. Instead, the deputy commissioner concluded that Lewandowski did not support Williams' testimony concerning the accident because Lewandowski could not recall it and not because the acci-

dent did not occur.

The full commission reversed the deputy commissioner by determining that Lewandowski's testimony rebutted Williams' account of the accident. The full commission found it significant that Lewandowski could not recall pushing a car with Williams, and that Williams had suggested to Lewandowski that he support Williams' testimony regarding the accident.

Williams relies upon *Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 363 S.E.2d 433 (1987), to assert that the full commission is bound by the deputy commissioner's findings as to the credibility of a witness. We decline, however, to construe the holding in *Pierce* as broadly as Williams urges. The ruling in *Pierce* involved significantly different facts than the case at bar. In *Pierce*, the hearing officer specifically found that Pierce was not credible. The hearing officer based his finding in part upon Pierce's behavior, demeanor and appearance at the hearing. We held that while a deputy commissioner's determination of a witness' credibility does not bind the full commission as a matter of law, nevertheless the full commission may not arbitrarily disregard the finding unless it is evident from the record that there existed some basis for the full commission's different interpretation of the witness' credibility. *Id.* at 383, 363 S.E.2d at 438. Because the full commission had not prepared an adequate statement of facts, we could not discern a basis for the full commission's determination that the deputy commissioner erred in assessing Pierce's credibility. Therefore, we remanded the case to allow the full commission to make specific findings of fact that supported its conclusion that Pierce was credible. *Id.* at 386, 363 S.E.2d at 440. Our holding in *Pierce* only applies when the full commission has failed to offer any reason for its different interpretation of a witness' credibility. Generally, the full commission remains free to make different findings of fact than those made by the deputy commissioner.

Under the facts at bar, the full commission adequately explained the reasons why it determined Williams' credibility differently from the deputy commissioner. In its opinion, the full commission expressly noted that Lewandowski's testimony rebutted Williams' account of the accident. Furthermore, the commission emphasized that Williams had suggested to Lewandowski that Lewandowski corroborate Williams' testimony. Therefore, in con-

trast to *Pierce*, the full commission did offer a sufficient written rationale for its determination.

■ We further emphasize that a deputy commissioner cannot render his findings of fact unreviewable simply by asserting that his conclusion as to a witness' credibility is based on the witness' appearance and demeanor. While the law has always accorded deference to the credibility determination of the person actually observing the witness, *Gray v. Commonwealth*, 233 Va. 313, 344, 356 S.E.2d 157, 174 (1987), *cert. denied*, 108 S.Ct. 207 (1987); *Hines v. Commonwealth*, 136 Va. 728, 751, 117 S.E. 843, 849-50 (1923), personal observation does not constitute the only means of evaluating credibility. Most witnesses appear credible based upon their demeanor and appearance. Human experience teaches that few of us, if any, can routinely determine whether a person is telling the truth by scrutinizing the person's behavior, appearance or demeanor. Such characteristics represent merely an indication of credibility and are by no means the dispositive factors.

■ Well-established principles dictate that a number of factors should be considered in assessing credibility. The factors include:

the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of that case, their bias, and if any has been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

1 Virginia Model Jury Instructions, No. 2.020; *see Hodge v. American Family Life Insurance Co.*, 213 Va. 30, 31, 189 S.E.2d 351, 353 (1972); *Marks v. Ore*, 187 Va. 146, 152, 45 S.E.2d 894, 896 (1948). Most of these factors appear in the record, and the full commission may review them just as effectively as the deputy commissioner. The full commission can compare the testimony of the witnesses in light of human experience and other facts proven in the case in order to ascertain which testimony is more worthy of belief.

■ Code § 65.1-98 provides that any award rendered at an initial hearing held pursuant to Code § 65.1-96 becomes binding as to all questions of fact if not reviewed in due time. By necessary

inference, if review by the full commission occurs pursuant to Code § 65.1-97, the findings of fact are not binding. In *Pierce*, we held only that the full commission has acted arbitrarily when it disregards a deputy commissioner's credibility determination without offering any basis for its decision. In this opinion, we hold that Code § 65.1-98 authorizes the full commission to reverse factual findings, including a credibility determination based on behavior, appearance and demeanor, when it articulates a basis for its different conclusion that is supported by credible evidence in the record.

Because the commission has offered a written rationale for its different credibility determination, and because credible evidence supports the decision, we affirm the commission's decision.

*Affirmed.*

Hodges, J., and Keenan, J., concurred.