## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Miller

v.

Virginia Employment
Commission et al.

May 27, 1993

Case No. (Law) CL921105

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Petitioner's appeal from a ruling by the Commission denying him benefits.

Petitioner was awarded benefits, the Deputy finding no evidence of misconduct, and Miller's employer appealed. The appeals examiner agreed with the Deputy and affirmed the award to Petitioner. Employer appealed to the Commission which reversed based on Petitioner's lack of credibility.

Petitioner argues that the Commission erred in reversing the appeals examiner based on a finding of Petitioner's lack of credibility and, since these issues present mixed questions of law and fact, the Court may make its own determination as to the credibility of Petitioner.

The Commission argues that the Court must affirm the Commission's decision if it is supported by the evidence and free from fraud. Code of Virginia, § 60.2–500(B)(1). Further, the Commission argues that an unpublished opinion of the Court of Appeals, *Scott v. Virginia Employment Commission, et al.*, No. 1499–92–2, January 19, 1993, allows the Commission to make findings of credibility if the findings are based on the substance of the testimony, rather than the demeanor of the witnesses.

The decision of the Commission must be affirmed. Even if this Court would have decided this case differently, the facts as found by the

Commission are conclusive, § 60.2–500(B)(1), and the Commission's reversal of the appeals examiner's finding of credibility was based on the substance of Petitioner's testimony, not his demeanor. Demeanor is not the only means of evaluating credibility. *See, Williams v. Auto Brokers*, 6 Va. App. 570 (1988). The question of whether the facts constitute misconduct is a mixed question of law and fact and is reviewable by this Court. *Barkley v. Peninsula Transp. Dist. Comm'n*, 11 Va. App. 317 (1990). However, the Commission's conclusion as to claimant's credibility is a finding of fact binding on this Court, and the Commission, like the Industrial Commission in *Williams, supra*, has articulated its basis for its conclusion on credibility. Based upon the facts as found by the Commission, its decision must be affirmed.