COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia


ARLINGTON RENAISSANCE HOTEL and
 HARTFORD UNDERWRITERS INSURANCE COMPANY

v.   Record No. 0176-95-4          MEMORANDUM OPINION BY[*]
                                   CHIEF JUDGE NORMAN K. MOON
MARIA ESTHER RAMIREZ                    OCTOBER 24, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Benjamin J. Trichilo (Trichilo Bancroft, McGavin,
        Horvath & Judkins, P.C., on briefs), for appellants.

        (Arturo Hernandez, on brief), for appellee.


     Arlington Renaissance Hotel and Hartford Underwriters
Insurance Company appeal a Workers' Compensation Commission's
award to Maria Esther Ramirez on account of an injury she
sustained while at work.  Appellants maintain that the commission
arbitrarily disregarded the deputy commissioner's determination
that Ms. Ramirez was untruthful concerning her injury and that as
a matter of law Ramirez did not describe a compensable injury.

     Ramirez, a housekeeper, testified that she was squatting for
seven to eight minutes cleaning a bathroom and when she stood up
her left leg was numb.  She stated that as she began to walk she
twisted her left ankle and fell to the floor.  The deputy
commissioner found her not credible because she was confused
about the date of the injury and because her testimony was

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

different than earlier descriptions of the injury. The primary difference was her failure to mention numbness to her employer or doctors' confusion over the date of injury. The commission reversed the deputy's finding on credibility, and found that working in the squatting position caused her leg to go numb, which caused her to fall when she walked. On that basis, the commission awarded benefits.

The appellants argue that the commission arbitrarily disregarded the deputy's findings on credibility, and that reversal is required by Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1987). In that case, we held that where the deputy's findings are based on a specific, recorded observation of a witness' demeanor or appearance, the commission cannot arbitrarily disregard such findings. Pierce, 5 Va. App. at 382–83, 363 S.E.2d at 437–38. However, the commission may reverse a deputy's findings, including a credibility determination based on appearance and demeanor, if it articulates a basis for its different conclusion that is supported by credible evidence in the record. Williams v. Auto Brokers, 6 Va. App. 570, 573, 370 S.E.2d 321, 323 (1988). If the deputy's credibility determination is based on the substance of the testimony or other evidence in the record, the credibility issue is "as determinable by the full commission as by the deputy." Pierce, 5 Va. App. at 383, 363 S.E.2d at 438. In such cases, the commission has no duty to explain its reasons for believing one witness over another, although its conclusion must of course be

- 2 -

supported by credible evidence.  Bullion Hollow Enterprises, Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

Here, the deputy's determination on credibility was based primarily on testimony and other evidence in the record, with only a passing reference to "the demeanor of the witnesses."  The commission reviewed the evidence in the record and decided that the claimant was credible, rejecting the deputy's finding to the contrary because it was influenced by the claimant's confusion over the date of injury.  While the commission did not specifically address the deputy's statement concerning demeanor, it was not required to do so because the deputy made no "specific, recorded" observation about demeanor.  Also, a deputy commissioner cannot render his findings of fact unreviewable simply by asserting that his conclusion on credibility was based on appearance and demeanor.  Williams v. Auto Brokers, 6 Va. App. at 574, 370 S.E.2d at 323.

Here, the commission based its determination that claimant's testimony was credible upon a finding that her "description of the accident is consistent throughout all reports."  Because the record does not support a finding that her testimony was consistent throughout all reports in the material facts upon which claimant relies to support her claim's compensability, we reverse.

After claimant had discussed her accident with her employer and her physician, never mentioning to anyone her leg being numb from squatting, her attorney more than a month later, filed the

initial Claim for Benefits stating that claimant's leg was numb from squatting. Claimant repeated this accident description in her testimony, and the commission relied upon it as proof of the cause of her fall.

We quote from Commissioner Joyner's dissent what the record shows regarding the reports of claimant's fall.

> The employer offered the testimony of Sandra Jones, a personnel officer. Jones testified that July 11, 1993, was a Sunday and that the claimant did not work that day. Jones further testified that when she reported the accident on July 14, 1993:
>
> > . . . She told me, <u>she really didn't know what happened</u>, just that she had hurt her foot. She didn't know how it happened or exactly when it happened. Just that she had hurt her foot and she was going to the hospital. (Tr. 24)
>
> However, Jones acknowledged that the claimant did work Monday, July 12, 1993. The Employer's First Report of Accident completed by Jones was then made part of the record (Tr. 28). That report reflects an accident occurring on Monday, July 12, 1993, which was reported on Tuesday, July 13, 1993. The report apparently was completed on July 14, 1993, and was based on the information provided by the claimant. Therefore, at this point, one or possibly two accident dates have been alleged, with <u>a history that does not include any complaints of squatting or numbness</u>. Evidence has been offered as to probable dates between July 10 and July 14. The claimant reported to the employer, as well as to Dr. Evans, that <u>she was simply walking out of the bathroom or a bedroom when she twisted her foot</u>. She offered no rebuttal evidence as to the accident date nor any explanation of the various accident dates noted above. Neither did the claimant offer any explanation as to the incomplete report to the employer and to Dr. Evans. The first indication of leg numbness appears in the initial Claim for Benefits filed by claimant's counsel on August 23, 1993.

Without the testimony of her leg numbness from squatting, there would be no credible evidence to support an award in this case.

The proof would be of no more than an unexplained fall which is not compensable.  <u>Memorial Hosp. v. Hairston</u>, 2 Va. App. 677, 347 S.E.2d 527 (1986).  An unexplained fall is what claimant reported at every reported stage until her attorney filed the initial Claim for Benefits over a month after the accident.

Thus, because the commission's conclusion concerning claimant's credibility is not supported by the record, we reverse the award and remand the claim for reconsideration of whether claimant's testimony supporting the award was credible.

<u>Reversed and remanded.</u>