COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Overton
Argued at Salem, Virginia

SHENANDOAH INDUSTRIAL RUBBER COMPANY
 and INSURANCE COMPANY OF NORTH AMERICA

v.  Record No. 2445-94-3           MEMORANDUM OPINION[*] BY
                                   JUDGE JAMES W. BENTON, JR.
GARY DOUGLAS PRUETT                    DECEMBER 5, 1995

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Ronnie L. Clay (Monica L. Taylor; Gentry,
           Locke, Rakes & Moore, on briefs), for appellants.

           Richard M. Thomas (Rider, Thomas, Cleaveland,
           Ferris & Eakin, on brief), for appellee.


     Shenandoah Industrial Rubber Company contends that no

credible evidence supports the commission's finding that Gary

Douglas Pruett proved by a preponderance of the evidence that his

disability was caused by a work related incident.  We affirm the

commission's award.

     When the commission's findings of fact are supported by

credible evidence, those findings are conclusive and binding on

this Court.  Code § 65.2-706(A); Jules Hairstylists, Inc. v.

Galanes, 1 Va. App. 64, 68, 334 S.E.2d 592, 595 (1985).  In our

review to determine whether credible evidence supports the

commission's findings, we must view the evidence in the light

most favorable to Pruett, the party who prevailed before the

commission.  States Roofing Corp. v. Bush Constr. Corp., 15 Va.

App. 613, 616, 426 S.E.2d 124, 126 (1993).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

So viewed, the evidence proved that Pruett and Alan Plucker were lifting a 200 pound vulcanizer on the morning of July 15, 1993, when Pruett experienced a pop in his lower back and dropped the machine. Pruett immediately stopped working and rested in a truck. Plucker received assistance from other men in lifting the vulcanizer.

Pruett informed his employer of his injury the following day. The employer completed the First Report of Accident on July 19 and recorded that Pruett "bent over to pick up the vulcanizer and injured his back." Later that day, Pruett visited Dr. Darrell F. Powledge. After his examination revealed a herniated disk, Dr. Powledge referred Pruett to Dr. Leipzig who performed back surgery. Both doctors reported that the injury was the result of heavy lifting by Pruett.

Relying upon the deputy commissioner's "serious reservations with respect to the credibility of this claimant," Shenandoah contends that no medical evidence links Pruett's injury to lifting the vulcanizer and that the commission erred in reversing the deputy commissioner's credibility finding. We disagree. In finding that Pruett proved by a preponderance of the evidence an injury by accident causally related to his employment, the commission found that Pruett's testimony was consistent with the documentary and medical evidence. The record contains evidence from Pruett's co-worker that describes, consistent with Pruett's testimony, an onset of pain when Pruett lifted the 200 pound

- 2 -

vulcanizer.  The record also proved that Pruett reported the incident and injury to Shenandoah on the day following the incident.

The commission also found that the medical reports are consistent with Pruett's testimony and the First Report of Accident.  Although the medical reports describe three days of heavy lifting as contributing to Pruett's discomfort, the commission found that those reports do "not conflict with the happening of a discrete injury by accident."  In support of that finding, the evidence proved that Pruett informed the doctors of the specific incident.  The evidence proved that on the same day Pruett gave the employer the report of the specific incident occurring on July 15, he saw Dr. Powledge.  Pruett's testimony that he reported the incident to Dr. Powledge is supported by a notation on one of Dr. Powledge's reports indicating the following:  "D/A: 7-15-93 . . . back . . . lifting vulcanizer."

This evidence is credible support for the commission's findings that the medical report, the First Report of Accident, and the co-worker's testimony all contain evidence of a compensable injury by accident.  As found by the commission, those reports and testimony are consistent with Pruett's testimony.  Thus, we hold that the commission has "articulate[d] a basis for its . . . conclusion that is supported by credible evidence in the record."  Williams v. Auto Brokers, 6 Va. App. 570, 575, 370 S.E.2d 321, 324 (1988).  See also Goodyear Tire &

Rubber Company v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987).  Accordingly, we affirm the commission's award.

Affirmed.