COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


VIRGINIA STATE UNIVERSITY
                                        MEMORANDUM OPINION[*] BY
v.         Record No. 1746-95-2          JUDGE LARRY G. ELDER
                                             APRIL 2, 1996
ALMEANER GILLIAM


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


            A. Ann Berkebile, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Catherine C. Hammond, Deputy Attorney
            General; Gregory E. Lucyk, Senior Assistant
            Attorney General, on brief), for appellant.

            (John H. Maclin, IV, on brief), for appellee.


     Virginia State University (employer) appeals the Workers'

Compensation Commission's (commission) award of benefits to

Almeaner Gilliam (claimant).  Employer asserts that the

commission erred in finding that claimant sustained a compensable

injury by accident "arising out of" her employment.  Agreeing

with employer, we reverse the commission's decision.

     The record reveals that on October 4, 1993, following a

meeting at which employer told claimant that she would be

transferred to another department, claimant became very upset and

began to cry.  After attempting to compose herself in the rest

room, claimant approached a flight of stairs, intending to

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

descend to the ground floor of the building to meet with her supervisor.  When claimant reached the top of the stairs, she began to feel "kind of funny," became "dizzy," lost consciousness, and fell down the flight of stairs, which contained seventeen to twenty steps.

Claimant received immediate medical care, followed by ongoing treatment from various physicians.  Dr. David A. Layman opined that claimant suffered a syncopal spell, which caused her to fall down the steps.  Dr. Layman diagnosed claimant as suffering from a concussion and contusion of the head, neck, thoracic and lumbar sprains, as well as accelerated hypertension.

At the deputy commissioner's hearing on January 17, 1995, claimant conceded that nothing was structurally wrong with the stairs and that no foreign objects on the stairs caused her fall.  Claimant also conceded that she suffered previous black out episodes in the past.  Medical records indicated that claimant had a long-standing history of dizziness, black outs, hyperventilation, anxiety attacks, and hypertension.  Evidence also showed claimant suffered from high blood pressure and anemia.

The deputy commissioner found that claimant's fall constituted a compensable injury by accident.  The full commission affirmed and modified the deputy commissioner's decision, awarding temporary total disability benefits from October 4, 1993 to November 29, 1993, along with medical care

costs.  Employer appeals to this Court.

"A claimant has the burden of proving by a preponderance of the evidence, and not by mere conjecture or speculation, than an injury was the result of an accident which arose out of and in the course of the employment."  Winegar v. International Telephone & Telegraph, 1 Va. App. 260, 261, 337 S.E.2d 760, 760 (1985).  Furthermore, "the causative danger must be peculiar to the work and not common to the neighborhood.  It must be incidental to the character of the business and not independent of the relation of master and servant."  Richmond Memorial Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 879 (1981).

Upon reviewing the record, we hold that claimant did not sustain a compensable injury by accident arising out of her employment.  Claimant's fall resulted from an idiopathic condition.  "When an employee's injuries result from an idiopathic condition and no other factors intervene or operate to cause or contribute to the injuries sustained as a result of the idiopathic condition, no award shall be made."  Virginia Dept. of Transp. v. Mosebrook, 13 Va. App. 536, 538, 413 S.E.2d 350, 351-52 (1992).  In other words, "'the effects of [an idiopathic] fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle.'"  Southland Corp. v. Parson, 1 Va. App. 281, 284-85, 338 S.E.2d 162, 164 (1985)(citation omitted).  There is no

evidence that claimant's duties for her employer required use of stairs.

For the foregoing reasons, we reverse the commission's decision.

<u>Reversed.</u>