COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


CENTRAL VALLEY RUBBER SERVICE
 and ZURICH-AMERICAN INSURANCE COMPANY
                                      MEMORANDUM OPINION[*] BY
v.      Record No. 1494-96-3        JUDGE SAM W. COLEMAN III
                                         MARCH 11, 1997
VICKI L. ARTHUR


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          C. Ervin Reid (William R. Culbreth; Wright,
          Robinson, McCammon, Osthimer & Tatum, on
          brief), for appellants.

          Rhonda L. Overstreet (Gary L. Lumsden;
          Lumsden & Overstreet, on brief), for
          appellee.


     Central Valley Rubber Service and Zurich-American Insurance

Company (employer) appeal the commission's award of temporary

total benefits to Vicki L. Arthur (claimant) on the ground that

the commission failed to state a sufficient basis for overruling

the deputy commissioner's credibility determination of the

claimant and an eyewitness.  Finding no error, we affirm the

commission's decision.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

viewed, the evidence proved that the claimant worked as a

shipping and receiving clerk for Central Valley Rubber Service.

_____

          [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

As a part of her job, she was required to assist in unloading delivery trucks. On the date she was injured, the claimant was attempting to help Roger Smith, an employee of Estes Express Line, remove two rubber belts from his truck. The belts were rolled into cylinders about two and one-half feet in diameter and three and one-half feet in length.

Because the rolls filled the entire width of the truck, the claimant testified that she used a steel pipe to attempt to pivot one of the rolls so it could be removed from the truck. She stated that the rolls were not secured by "chock" blocks. As she was trying to move the roll, it slipped off the pipe and pinned her right leg between the roll and the side of the trailer. The claimant testified that she told Roger Smith, who was standing about five feet away, that she had "pinched" her leg, but she continued to work. She also told the "inside sales guy" right after the incident that she had "pinched" her leg. James Carpenter, the employer's operation manager, testified that the inside salesman told him about the accident the next day.

Medical records introduced by the claimant prove that she suffered a severe contusion to her right leg secondary to a crush-type injury. The records also show that she reported to the doctors that her leg was injured when she was pinned between the roll and the trailer.

Testifying by deposition, Roger Smith said that the rolls had been "chock" blocked so they would not roll and damage other

freight. He testified that he and the claimant tried to move one of the rolls but could not do so. After the claimant and Smith could not move the roll, the claimant asked two other men to help. Smith testified that the claimant stood at the back of the truck with him while the two men moved the rolls. He had not seen the claimant's leg get caught earlier, and he denied that the claimant told him she had been hurt. He testified that he did not learn of the alleged accident until he finished his route and his dispatcher asked "if there was an accident on my truck because he was concerned that there might have been an accident and I didn't report it."

After hearing the evidence, the deputy commissioner denied the claim, finding that the claimant was not credible based "partly upon [her] demeanor, partly upon the substance of her testimony, and partly upon a comparison of that testimony with the account given by Roger Smith, whom we believe to be a disinterested third party." The deputy thought the claimant's testimony was "vague and tentative" and she did not impress the deputy as being "a straightforward, truthful individual."

Upon review, the commission reversed the deputy's decision and awarded the claimant temporary total disability benefits. The commission found that, while the claimant was unsure of some details, her testimony was not inherently incredible and the fact that she was injured by an accident on the job as she claimed was corroborated by other evidence. The commission also found that

Smith was not a disinterested third party because "he may have violated his company's policy in not reporting the incident" and therefore had a pecuniary interest in his continued employment that could have influenced his testimony.

It is well settled that the commission may make factual findings that differ from those made by a deputy commissioner, including a credibility determination based upon appearance and demeanor, as long as the commission articulates a basis for its differing conclusion which is supported by credible evidence in the record. Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 123, 384 S.E.2d 333, 335 (1989); Williams v. Auto Brokers, 6 Va. App. 570, 575, 370 S.E.2d 321, 324 (1988). The commission may "evaluate the testimony of witnesses in the light of human experience, ascertain which testimony is more worthy of belief, and grant to it its appropriate weight." Pierce, 9 Va. App. at 126–27, 384 S.E.2d at 337.

Here, the commission stated the reasons for its factual findings and explained why its findings differed from those of the deputy, including the deputy's credibility determinations. The reasons given for the commission's factual findings are sufficient and are supported by credible evidence in the record.

The employer contends that the holding in Rust Engineering Co. v. Ramsey, 194 Va. 975, 76 S.E.2d 195 (1953), is dispositive in this case. In Rust, the Virginia Supreme Court held that the commission's decision to reverse factual findings of a deputy was

unsupported by credible evidence. Id. at 978, 76 S.E.2d at 197-98. However, the factual scenario in Rust differs significantly from this case. In Rust, the claimant gave two different versions of how he was injured, and neither version was corroborated by other evidence. Additionally, several witnesses who were present when the claimant alleged he was injured testified that they did not see any unusual occurrence. Id. at 978, 76 S.E.2d at 197. In Rust, no credible evidence proved that the claimant suffered an injury by accident that arose out of or during his employment.

In the case at bar, the claimant's testimony about the accident was consistent and was corroborated by the employer's operations manager and the claimant's medical records. Although the only eyewitness testified that he did not see an accident and that the claimant did not tell him she was hurt, the commission found that he was not a disinterested witness and also found that the incident, admittedly minor when it happened according to the claimant, could easily have been disregarded or overlooked by the witness.

The commission articulated a sufficient basis for making factual findings different from those made by the deputy commissioner, and we find that credible evidence exists in the record to support the commission's decision. Accordingly, we affirm the commission's award of temporary total benefits to the claimant.

<u>Affirmed.</u>