COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued at Salem, Virginia


FRANK KARBAN
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2094-09-3                          JUDGE ROSSIE D. ALSTON, JR.
                                                             JULY 13, 2010
UNIVERSAL FIBER SYSTEMS, LLC AND
   PENNSYLVANIA MANUFACTURERS ASSOCIATION
   INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Bryan G. Bosta (Monica Taylor Monday; Gentry Locke
              Rakes & Moore, on brief), for appellant.

              Angela F. Gibbs (Sean M. O'Connor; Midkiff, Muncie &
              Ross, P.C., on brief), for appellees.


       Frank Karban ("claimant") appeals a decision of the Workers' Compensation

Commission ("commission") denying claimant an award of benefits from Universal Fiber

Systems, LLC and Pennsylvania Manufacturers Association Insurance Company (collectively,

"employer").  Claimant argues the commission erred in finding claimant failed to prove a

compensable injury and failed to provide adequate notice of the injury to employer.  For the

reasons that follow, we hold the commission did not err and affirm the commission's decision.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

On appeal of a decision of the commission, we construe the evidence in the light most favorable to the party prevailing below. <u>Lynchburg Foundry Co. v. Goad</u>, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993) (citing <u>Crisp v. Brown's Tysons Corner Dodge, Inc.</u>, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)). In the instant case, we construe the evidence in the light most favorable to employer, as it was the prevailing party below.

So viewed, the evidence showed that in 2007, claimant worked as an "extrusion operator" for employer, a yarn-manufacturing company. Claimant alleged that on February 24, 2007, while moving equipment, he bent down, made a twisting motion, and "felt a pop" in the right side of his lower back. According to claimant, he felt pain but, at the time, he did not report the injury to anyone and continued to work. In March 2007, claimant alleged he told his supervisor, Jeremiah Jenkins, about his back injury.[2] According to claimant, Jenkins asked whether claimant could play on employer's softball team; claimant responded that he could not play on the team due to a back injury.

On September 14, 2007, nearly seven months after the alleged injury, claimant reported the injury to Dewey Fulton, an environmental health and safety representative for employer. Claimant told Fulton that he waited to fill out an injury report because he had never had a work accident and he was not certain how to "properly record" his accident. Fulton prepared an accident report; however, the report did not indicate that claimant reported the injury to Jenkins in March 2007.

---

[1] As the parties are fully conversant with the record and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

[2] In the record and the parties' argument on brief, claimant's supervisor is referred to as both Jeremiah Jenkins and Earl Lester Jenkins, Jr. From the record, it appears this is the same person.

In the interim, on July 6, 2007, claimant saw Dr. Jeffrey Ginther, claimant's general practitioner, for back and leg pain. An MRI of claimant's lumbar spine revealed abnormalities, which, according to Dr. Ginther, "could relate to his pain." Dr. Ginther recommended that claimant see a neurosurgeon or spine specialist. Claimant subsequently received treatment from Dr. Morgan Lorio at NeuroSpine Solutions, P.C. Both doctors recommended that claimant be taken out of work.

On June 18, 2008, claimant filed a claim for benefits with the commission, seeking lifetime medical benefits for injuries resulting from the accident and temporary total disability beginning June 13, 2008. On July 21, 2008, Dr. Ginther sent a letter to employer. Dr. Ginther noted the following:

> [Claimant] was in our office on July 3[, 2008]. [Claimant] told us on January 15, 2007[,] that he had hurt his back approximately one month prior and that he had pain in his right groin. It wasn't until July 3 that he made it clear that this was a work related injury.

Dr. Ginther's handwritten notes from January 15, 2007, indicate that claimant complained of "low back pain." Further, Dr. Ginther's January 15, 2007 note, although not entirely legible, contains the words "twist," "pop," "low back," and "pain."

At a hearing before the deputy commissioner in January 2009, claimant testified that the injury occurred on February 24, 2007, and that prior to February 2007 he had no problems with his back.[3] Claimant testified that he continued to work after the injury, although he was "pretty sure" other employees knew about his injury. Claimant also demonstrated how the injury occurred. When the deputy commissioner asked claimant why he did not report his injury immediately, claimant responded that he was "not sure."

---

[3] Claimant's testimony regarding prior injuries was given in his deposition taken on December 4, 2008. Claimant's deposition testimony was introduced into evidence before the deputy commissioner.

Jenkins testified that he had a conversation with claimant about claimant's ability to play on employer's softball team. Jenkins stated that he knew claimant's back had been "bothering him," but he knew "nothing specific as to how he hurt it, or when he hurt it, or where he hurt it."

Fulton testified that he found claimant's statement – that he was not sure how to properly report his injury – unbelievable in light of the extensive training provided by employer. According to Fulton, employees are told to report injuries immediately to one of two superintendents working for employer "twenty-four hours a day[,] seven days a week." Fulton further testified that employees are trained during new employee orientation and again at various times throughout the year. Fulton noted that during these trainings, employees are told that any kind of injury should be reported to the superintendents and an accident report must be completed. Fulton also read a note from Judy Schuman, employer's human resources representative. The note, submitted to Fulton on September 13, 2007, the day before Fulton met with claimant, indicated that claimant called Schuman on September 13, 2007, and explained to her that he injured himself but did not know to whom he should report the injury or how to fill out an accident report. The note also indicated that claimant did not know the exact date of the injury.

On January 9, 2009, the deputy commissioner awarded claimant temporary total disability benefits from June 13, 2008, through December 13, 2008,[4] finding claimant suffered a compensable injury and provided timely notice of the injury to employer.[5] The deputy

_____

[4] On December 15, 2008, Dr. Lorio released claimant back to work with lifting restrictions.

[5] Code § 65.2-600 requires that an injured employee give his employer written notice of an injury by accident within thirty days. Claimant bears the burden of proving his excuse for failing to give timely notice is reasonable. Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); see also Maryland Cas. Co. v. Robinson, 149 Va. 307, 141 S.E. 225 (1928). If a reasonable excuse is shown, then the burden shifts to the employer to prove prejudice as a result of the delay. Id.

commissioner specifically found claimant credible, noting, "[W]hile he was easily confused and uncomfortable in the hearing setting, the claimant made appropriate eye contact. His answers were forthcoming and non-evasive, if unsophisticated." Employer appealed the deputy commissioner's decision to the full commission.

On September 1, 2009, a majority of the commission reversed the deputy commissioner's decision, finding claimant failed to prove a compensable injury and failed to provide adequate notice of the injury to employer. In its opinion, the commission specifically rejected the deputy commissioner's credibility finding, noting,

> At the hearing, the claimant only provided vague testimony that the back injury that he apparently suffered before January 15, 2007[,] was not related to his work-related injury that allegedly occurred on February 24, 2007. Additionally, at his deposition, the claimant testified that he did not have any prior back injuries. The claimant further testified at his deposition that he had "no idea" how to report an accident to the employer; whereas, at the hearing, the claimant testified that he understood that he needed to immediately report an accident to a supervisor. The claimant's contradictory and vague testimony regarding the circumstances surrounding his alleged accident severely places doubt on the credibility of the claimant's claim of injury by accident at work on February 24, 2007.

> Furthermore, the medical evidence clearly indicates that the claimant was complaining of a similar injury on January 15, 2007, more than one month prior to his alleged injury by accident at work.

> \* \* \* \* \* \* \*

> In addition to discrepancies within the claimant's testimony and the medical record, the record shows that the claimant failed to seek any type of medical treatment until at least [five] months after the alleged accident.

Considering the evidence, including Dr. Ginther's July 21, 2008 letter to employer, the commission concluded that it was more likely that the injury occurred in December 2006; thus, claimant "was not able to meet his burden of proving that he suffered a compensable injury by

accident on February 24, 2007." The commission also found claimant failed to give timely notice of the injury to employer. Claimant noted his appeal to this Court.

## II. ANALYSIS

On appeal, claimant argues the commission erred in reversing the credibility determination of the deputy commissioner and in finding claimant failed to prove a compensable injury and failed to provide notice of that injury to employer. Claimant concedes that, should this Court determine the commission did not err in finding claimant failed to prove a compensable injury, the Court need not address whether claimant provided adequate notice of the injury to employer.

"One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable injury." Williams v. Auto Brokers, 6 Va. App. 570, 571-72, 370 S.E.2d 321, 322 (1988) (citing Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986); Winegar v. Int'l Tel. & Tel., 1 Va. App. 260, 261, 337 S.E.2d 760, 760 (1985)). See also Va. Dept. of Transp. v. Mosebrook, 13 Va. App. 536, 537, 413 S.E.2d 350, 351 (1992). "'Injury' means only injury by accident arising out of and in the course of employment." Code § 65.2-101. "An 'injury by accident' requires proof of '(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'" Ogden Aviation Servs. v. Saghy, 32 Va. App. 89, 94, 526 S.E.2d 756, 758 (2000) (quoting Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990)).

"Whether an employee has suffered an 'injury by accident' is a mixed question of law and fact." Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001) (citing R & R Constr. Corp v. Hill, 25 Va. App. 376, 378-79, 488 S.E.2d 663, 664 (1997)). "Findings of fact by the [commission] will be upheld on appeal if supported by credible

evidence." Id. at 167-68, 543 S.E.2d at 621 (citing James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)). "However, whether those facts prove the claimant suffered an 'injury by accident' is a question of law." Id. at 168, 543 S.E.2d at 621. "The commission's finding on the legal question is not conclusive and binding upon us, but is properly subject to judicial review." Id. (citing Hill, 25 Va. App. at 378-79, 488 S.E.2d at 664).

Claimant specifically argues that the commission erred in finding that he failed to prove a compensable injury because it reversed the credibility determination made by the deputy commissioner. Although the commission is not bound by the credibility determination of a deputy commissioner, the commission cannot reject the determination arbitrarily. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381-82, 363 S.E.2d 433, 437 (1987) (hereinafter, "Pierce I").

> If the commission does not follow the deputy commissioner's findings when these findings are based on a determination of a key witness's demeanor or appearance in relation to credibility, the commission must offer a rationale for its reversal and demonstrate on the record how the commission found the evidence [in]credible.

Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 122, 384 S.E.2d 333, 334 (1989) (hereinafter, "Pierce II") (citing Pierce I, 5 Va. App. at 374, 363 S.E.2d at 433). However, "[t]he commission can evaluate the testimony of witnesses in light of human experience, ascertain which testimony is more worthy of belief, and grant to it its appropriate weight." Id. at 126-27, 384 S.E.2d at 337.

In Pierce I, the claimant alleged that he injured himself while working for his employer. 5 Va. App. at 377, 363 S.E.2d at 435. His employer defended the claim, arguing that the medical records disputed the claimant's testimony regarding how the injury occurred. Id. at 377-78, 363 S.E.2d at 435. The deputy commissioner found the claimant was not credible, basing that decision on his demeanor and his repeated evasive and argumentative answers. Id. at 379-80,

363 S.E.2d at 436. Accordingly, the deputy commissioner determined that the claimant failed to prove a compensable injury. Id. at 379, 363 S.E.2d at 436. The commission reversed the deputy commissioner, noting that it disagreed with the deputy commissioner's finding that the claimant's answers were argumentative and evasive. Id. at 380-81, 363 S.E.2d at 436-37. On appeal to this Court, the employer argued the commission improperly disregarded the credibility determination made by the deputy commissioner. Id. at 380, 363 S.E.2d at 436. The Court agreed, and remanded the case to the commission, noting, when the commission reverses a decision on the grounds that the deputy commissioner incorrectly assessed a witness' credibility, "it should be evident from the record how the commission resolved the credibility issue consistent with the deputy's observations." Id. at 383, 363 S.E.2d at 438.

On remand, the commission issued a new opinion, again reversing the deputy commissioner, but explaining its decision. See Pierce II, 9 Va. App. at 125, 384 S.E.2d at 336. The commission found that on the record, the claimant's testimony was not inherently evasive, although he may have been confused at times. Id. Further, the commission noted the medical records corroborated the claimant's testimony, rather than conflicted with that testimony, as the deputy commissioner found. Id. On appeal to this Court a second time, the Court upheld the commission's decision, reversing the deputy commissioner, noting the commission "articulated a basis for its conclusion and . . . it is supported by credible evidence in the record." Id. at 127, 384 S.E.2d at 337.

This Court has made clear that its "holding in Pierce [I] only applies when the full commission has failed to offer any reason for its different interpretation of a witness' credibility." Williams, 6 Va. App. at 573, 370 S.E.2d at 323. "Generally, the full commission remains free to make different findings of fact than those made by the deputy commissioner." Id.

[A] deputy commissioner cannot render his findings of fact unreviewable simply by asserting that his conclusion at to the witness' credibility is based on the witness' appearance and demeanor. While the law has always accorded deference to the credibility determination of the person actually observing the witness, personal observation does not constitute the only means of evaluating credibility. Most witnesses appear credible based upon their demeanor and appearance. Human experience teaches that few of us, if any, can routinely determine whether a person is telling the truth by scrutinizing the person's behavior, appearance or demeanor. Such characteristics represent merely an indication of credibility and are by no means the dispositive factors.

Id. at 574, 370 S.E.2d at 323-24 (citing Gray v. Commonwealth, 233 Va. 313, 344, 356 S.E.2d 157, 174 (1987); Hines v. Commonwealth, 136 Va. 728, 751, 117 S.E. 843, 849-50 (1923)). "The full commission can compare the testimony of the witnesses in light of human experience and other facts proven in the case in order to ascertain which testimony is more worthy of belief." Id. at 574, 370 S.E.2d at 324. With these principles in mind, we turn to the instant case.

Here, the parties agree that the commission made specific credibility findings in reaching its decision. The commission clearly noted, that it was "unable to adopt the [d]eputy [c]ommissioner's credibility finding on [r]eview." However, in making its determination, the commission referenced several discrepancies in claimant's testimony. The commission noted that claimant was unable to explain the medical records indicating that he suffered an injury prior to January 15, 2007. In fact, claimant testified that he did not have any back injuries prior to February 24, 2007. The commission's opinion states,

[T]he medical evidence clearly indicates that the claimant was complaining of a similar injury on January 15, 2007, more than one month prior to his alleged injury by accident at work. Although the handwritten notes are barely legible, the Commission can decipher that the note indicates that the claimant twisted and felt a pop in his right lower back when he was lifting approximately one month previously. Dr. Ginther's July 21, 2008 letter further indicates that the claimant reported on January 15, 2007[,] that he had hurt his back and right groin one month previously. Dr. Ginther noted that the claimant did not indicate that his injury was work-related until July 3, 2008. If we consider

- 9 -

the above evidence, it appears that the claimant's injury took place in December of 2006. In any event, there is absolutely no mention of a February 24, 2007 work-related injury within Dr. Ginther's records.

\* \* \* \* \* \* \*

In addition to discrepancies within the claimant's testimony and the medical record, the record shows that the claimant failed to seek any type of medical treatment until at least [five] months after the alleged accident.

\* \* \* \* \* \* \*

Moreover, there is contradicting testimony regarding when the claimant put his employer on notice about his alleged accident.

The commission offered a number of reasons for its determination, and those reasons are supported by evidence in the record. Dr. Ginther's records clearly indicate that claimant complained of an injury in January 2007, which claimant alleged to have suffered on February 24, 2007. Further, the medical records are devoid of any reference to a February 2007 injury. The commission offered a rationale for its reversal and demonstrated on the record how claimant's evidence was incredible. See Pierce II, 9 Va. App. at 122, 384 S.E.2d at 334 (citing Pierce I, 5 Va. App. at 374, 363 S.E.2d at 433). As required by Pierce II, the commission "articulated a basis for its conclusion and . . . it is supported by credible evidence in the record." Id. at 127, 384 S.E.2d at 337. Accordingly, the commission did not err in reversing the credibility determination made by the deputy commissioner and finding that in light of such determination, claimant failed to sustain his burden of proving he suffered a compensable injury by accident on February 24, 2007.

## III. CONCLUSION

For these reasons, we hold the commission did not err in rejecting the credibility determination made by the deputy commissioner and finding claimant failed to prove a

compensable injury by accident. Accordingly, we need not address the issue of whether timely notice of the injury was provided to employer, and we affirm the commission's decision.

<u>Affirmed.</u>