COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


R & R CONSTRUCTION CORPORATION and
 NATIONWIDE MUTUAL INSURANCE COMPANY
                                          OPINION BY
v.        Record No. 3135-96-1      JUDGE SAM W. COLEMAN III
                                        AUGUST 12, 1997
JON STUART HILL

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Fay F. Spence (Gene A. Woolard; Spence &
          Whitlow, on brief), for appellants.

          Terrence K. Martin (Overman, Cowardin &
          Martin, P.L.C., on brief), for appellee.


     R & R Construction Corporation and its insurer (employer)
appeal the decision of the Workers' Compensation Commission
awarding Jon Stuart Hill (claimant) temporary total disability
benefits as a result of a back injury that he sustained when he
moved several five-gallon paint buckets.  Finding no error, we
affirm the commission's decision.

     Viewed in the light most favorable to the claimant, the
prevailing party, the evidence proved that claimant was moving
five to seven five-gallon paint buckets from one location to
another within a storage shed when he "started feeling just a
sore place" in his lower back.  As soon as he felt this
"soreness," he stopped moving the buckets and sat down.  Claimant
testified that "the longer I sat there the more the pain started
really getting bad then.  It was like my back was almost getting
ready to lock up on me."

After claimant was injured, he reported his injury to his supervisor, who had come to the storage shed. Claimant attempted to continue working but was unable to do so. The next morning, he again attempted to work but could not stay because he was in pain. The following day, claimant went to the doctor and was later diagnosed with a right paracentral disc herniation at L2-L3, a mild disc bulge at L3-L4, and a central subligamentous disc herniation at L4-L5.

"To qualify for workers' compensation benefits, an employee's injuries must result from an event 'arising out of' and 'in the course of' the employment." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). "A finding by the commission that an injury arose out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal." Dublin Garment Co. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986).

"In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (emphasis in original). A disc herniation is a mechanical or structural change in the body. The employer contends, however, that claimant's injury was gradually incurred over the course of moving several paint buckets and was not the

result of a "sudden precipitating event."  Although a claimant must prove a "sudden precipitating event" that caused the injury, "[t]o constitute injury by accident it is not necessary that there should be an extraordinary occurrence in or about the work engaged in."  Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988) (quoting Derby v. Swift & Co., 188 Va. 336, 344, 49 S.E.2d 417, 421 (1948)).  "Sudden" as used in this context means an "immediate" event that causes or precipitates an injury; "sudden" is not used here to connote an unexpected consequence.  See Webster's Third New International Dictionary 2284 (1981).  Thus, "sudden precipitating" event is one that "immediately" causes an injury, as distinguished from an injury that appears or occurs gradually.  See Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996).  However, an injury or injuries may be caused by one or several "sudden [or immediate] events" that cause the mechanical changes to occur in the body.

The commission did not err by finding that claimant suffered the herniated discs as the result of a compensable accident "arising out of" and "in the course of" his employment.  While moving the five-gallon paint buckets, claimant felt a pain in his back and stopped moving the buckets.  There was no evidence that the herniated discs occurred gradually or over a period of time.  There was no evidence that claimant had a history of a prior disc problem.  The commission, as finder of fact, could reasonably have found on these facts that while lifting the five

- 3 -

to seven buckets the claimant felt "soreness" which was the pain that he was experiencing as the discs herniated as a result of his lifting one or more of the five to seven buckets.  Lifting one or more of the buckets was the "sudden precipitating event" or events that caused the discs to herniate, which was "an obvious sudden . . . structural change in the body."  The fact that the claimant did not or could not identify precisely which bucket or buckets he was lifting when the disc or discs herniated does not constitute a failure to prove that an immediate or sudden event or events caused the discs to herniate.  Unlike the claimant in Morris, who, after unloading seven steel doors from a truck, later developed soreness in his back and could not recall a specific incident that caused his injury, claimant immediately felt "soreness" while he lifted the buckets.  These facts support the commission's finding that when claimant felt "soreness" as he was lifting several buckets he was experiencing pain associated with the discs herniating, which were sudden mechanical or structural changes in the body.  Accordingly, we affirm the commission's decision.

Affirmed.