COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Coleman


LISA L. CONAWAY

                                        MEMORANDUM OPINION[*]
v.   Record No. 1420-98-1                    PER CURIAM
                                         NOVEMBER 24, 1998
KENTUCKY FRIED CHICKEN AND
 AMERICAN CASUALTY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Robert E. Walsh; Rutter & Montagna, on
                brief), for appellant.

                (William C. Walker; Donna White Kearney;
                Taylor & Walker, P.C., on brief), for
                appellees.


        Lisa L. Conaway contends that the Workers' Compensation

Commission ("commission") erred in finding that she failed to

prove she sustained an injury by accident arising out of and in

the course of her employment on March 13, 1997.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,' a

claimant must prove that the cause of [the] injury was an

identifiable incident or sudden precipitating event and that it

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Conaway's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that Conaway failed to prove that an identifiable incident or precipitating event caused her neck and back injuries. As the basis for its decision, the commission made the following findings:

> Based upon all the evidence, the Deputy Commissioner concluded that Conaway had failed to prove a compensable injury by accident. We agree, and find no basis on which to reverse the credibility determination of the Deputy Commissioner. Although Conaway's Hearing testimony and the history recorded by Dr. [Lawrence] Morales would support a finding of a specific incident, that evidence is undermined by Conaway's more contemporaneous statements. In the recorded statement given two weeks after the alleged accident, Conaway failed to describe an identifiable incident which caused her injury, and confirmed that she did not begin to feel pain until after she had moved the 15 cases of chicken. She denied that there was a specific incident, and stated that her pain had a gradual onset. Dr. [Cathy H.] Traugh, the initial treating physician, failed to record the history of a specific incident. The first mention of a specific incident came after Conaway had been advised by the employer's representative that a gradually incurred injury might not be compensable.

As fact finder, the commission was entitled to reject Conaway's hearing testimony that a specific incident occurred.

It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether Conaway sustained an injury due to a specific identifiable incident occurring at work on March 13, 1997 was entirely dependent upon her credibility. The commission, in considering her testimony, the medical reports, and her March 27, 1997 recorded statement, found Conaway's evidence to be insufficient to establish her claim. In light of the lack of any history of a specific incident in the recorded statement or in Dr. Traugh's initial medical reports, we cannot say, as a matter of law, that Conaway's evidence sustained her burden of proof.

Conaway argues that the commission's decision does not comport with this Court's holdings in Dollar General Store v. Cridlin, 22 Va. App. 171, 468 S.E.2d 152 (1996), and R & R Constr. Corp. v. Hill, 25 Va. App. 376, 488 S.E.2d 663 (1997). We disagree. In Cridlin, unlike this case, the commission found that Cridlin's testimony was credible. Cridlin, 22 Va. App. at 176-77, 468 S.E.2d at 154-55. Furthermore, in Hill, unlike this case, there was no evidence that Hill's back injury occurred gradually or over a period of time. Hill, 25 Va. App. at 379, 488 S.E.2d at 665.

Conaway also argues that the commission's decision does not comport with its decisions in several other cases. However, we

- 3 -

find that those cases either turned upon the issue of credibility, as does this case, or are distinguishable from this case on their facts.

For these reasons, we affirm the commission's decision.

Affirmed.
