COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


ROBERT KEITH ENGLISH

                                                  OPINION BY
v.       Record No. 1487-03-2          JUDGE JERE M.H. WILLIS, JR.
                                                   JUNE 22, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Peter A. Nikas (Nikas & Powers, on brief), for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


On appeal from his conviction of impersonating a law enforcement officer, in violation of Code § 18.2-174, Robert Keith English contends the evidence was insufficient to prove he falsely assumed or exercised the functions, powers, duties, or privileges incident to law enforcement officers or falsely pretended to be a law enforcement officer. English argues he was acting within the power and authority conferred on him as a fugitive recovery agent by Code § 19.2-149. We affirm the judgment of the trial court.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trier of fact is not required to accept a

party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe or disbelieve, in whole or in part, the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the trial court was entitled to disbelieve English's self-serving testimony and to resolve any evidentiary conflict in favor of the Commonwealth. Further,

> [w]hen a defendant challenges on appeal the sufficiency of the evidence to sustain his convictions, it is the appellate court's duty to examine the evidence that tends to support the convictions and to permit the convictions to stand unless they are plainly wrong or without evidentiary support. If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.

Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citations omitted).

The evidence disclosed that English was a fugitive recovery agent who possessed a bail piece commanding the arrest and surrender of Terrence Adams, a fugitive on a warrant charging attempted murder. English had information that Adams could be found late at night on Brandermill Parkway, riding in a metallic-colored Honda Accord with personalized license plates driven by a woman. On the subject occasion, Elizabeth Matthews was driving a car similar to the one described. She had a male passenger. English got behind Matthews' vehicle and signaled with his headlights and a flashlight. Matthews testified she saw flashing lights and a spotlight being shined into her vehicle. She pulled over, believing the police were stopping her.

After Matthews stopped, English approached the driver's side of her car. He was wearing around his neck a gold badge that stated "special investigations unit." Matthews testified that it "looked like a police badge." Matthew's passenger, Romy Baassiri, testified that English announced that he was a special agent with the violent crimes unit and asked him and Matthews for identification. Matthews handed English her operator's license. English asked

- 2 -

Matthews whether she had been drinking alcohol and whether she had any weapons or drugs in her car. He then asked her to step out of her car. He again asked whether she had been drinking and said that he could help her out if she told the truth. Matthews had not been drinking and told English she was just tired. She told him she recognized him from their neighborhood. English then told her he was a fugitive recovery agent and that she and her passenger were not connected with the person for whom he was looking.

ANALYSIS

Code § 18.2-174 provides that no person "shall falsely assume or exercise the functions, powers, duties and privileges incident to the office of sheriff, police officer, marshal, or other peace officer, or . . . shall falsely assume or pretend to be any such officer." English was a fugitive recovery agent, who derived his powers from Code § 19.2-149.[1] He possessed a bail piece commanding the arrest and surrender of Adams. He had information as to how to find Adams. While stopping Matthews' car, identifying its occupants, and inquiring as to the

---

[1] Code § 19.2-149 states

> A surety on a bond in a recognizance may at any time arrest his principal and surrender him to the court before which the recognizance was taken or before which such principal's appearance is required, or to the sheriff, sergeant or jailer of the county or city wherein the court before which such principal's appearance is required is located; in addition to the above authority, upon the application of the surety, the court, or the clerk thereof, before which the recognizance was taken, or before which such principal's appearance is required, shall issue a capias for the arrest of such principal, and such capias may be executed by such surety, or his authorized agent, or by any sheriff, sergeant or police officer, and the person executing such capias shall deliver such principal and such capias to the sheriff or jailer of the county or the sheriff, sergeant or jailer of the city in which the appearance of such principal is required, and thereupon the said surety shall be discharged from liability for any act of the principal subsequent thereto. . . .

presence of weapons might have been consistent with his information and the performance of his duties, his other actions exceeded the scope of his authority. He wore a misleading badge representing that he was part of a "special investigations unit" of a law enforcement body. He stated he was with a "violent crimes unit," further suggesting he was part of a law enforcement body. Neither Matthews nor Baassiri matched the description of the people for whom he was searching. Nevertheless, English detained Matthews, interrogated her about whether she had been drinking and encouraged her to tell him the truth so he could "help" her. These actions were unrelated to his duties as a fugitive recovery agent and suggested that he was a law enforcement officer. It was not until Matthews recognized English that his questioning ceased and he identified himself as a fugitive recovery agent. These facts support the trial court's finding that English falsely assumed or pretended to be a law enforcement officer and sufficiently proved beyond a reasonable doubt that he violated Code § 18.2-174.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.