UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff,[*] Judge Petty and Senior Judge Annunziata
Argued at Lexington, Virginia


ROGER SMITH

                                                              MEMORANDUM OPINION[**] BY
v.        Record No. 0475-14-3                          JUDGE ROSEMARIE ANNUNZIATA
                                                                    JANUARY 27, 2015
DOMINION TECHNICAL SOLUTIONS AND
  VIRGINIA ELECTRIC AND POWER COMPANY


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Amber H. Russo (HammondTownsend, PLC, on briefs), for
          appellant.

          Arthur T. Aylward (Emily O. Sealy; Midkiff, Muncie & Ross, P.C.,
          on brief), for appellees.


        Roger Smith (claimant) appeals a decision of the Workers' Compensation Commission

(the commission) denying his claim for temporary total disability benefits beyond January 29,

2013.  Claimant contends the commission erred by finding he failed to prove he was totally

disabled after January 29, 2013.  Dominion Technical Solutions and Virginia Electric and Power

Company (collectively employer) list seven assignments of cross-error alleging the commission

erred by (1) finding that claimant "proved that he sustained a compensable injury by accident on

March 8, 2012," (2) finding that "the discrepancies in [claimant's] descriptions of the accident in the

medical records were 'minor,'" (3) finding that claimant provided employer with timely notice of

his injury, (4) finding that the deputy commissioner "'implicitly found that [] claimant provided

notice less than 24 hours after his injury by accident,'" (5) finding that claimant "could not have

_____

          [*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

          [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

informed his medical providers about a work accident without also informing" employer, (6) awarding claimant medical and indemnity benefits beginning March 9, 2012, and (7) "not addressing [employer's] defenses of no proof of continuing disability and failure to market wage earning capacity."

We hold the commission erred in finding claimant failed to prove he was totally disabled after January 29, 2013. We further find no merit in the employer's assignments of error. Thus, we reverse the commission's decision in part and affirm in part.

BACKGROUND

On appeal, we view the "evidence and all reasonable inferences that may be drawn from that evidence" in the light most favorable to the party prevailing before the commission. Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (*en banc*).

Claimant worked as an electrical equipment specialist for employer. His work included moving and lifting heavy objects. On March 8, 2012, claimant and a co-worker were unloading a capacitor checker stored in a large trunk. Claimant testified that as he was removing the trunk from a work van, he felt a sharp pain in his lower back. His back began to "stiffen up" after he lowered the trunk. Claimant explained he did not immediately mention the incident to his co-worker beyond commenting that he was "getting old." Another co-worker arrived a short time later, and claimant went home without telling either of them in detail about his injury.

Claimant testified he was in more pain when he awoke the next morning, and he called his supervisor, Todd Ragland. Claimant spoke to Ragland several times over the course of the following week and advised Ragland about his injury. However, Ragland, to the contrary, testified he was not aware that claimant had been injured at work until November 2012, at which time he instructed claimant to prepare a written statement regarding the accident. When claimant's available leave was exhausted, employer terminated his employment.

Claimant sought treatment at a hospital emergency department on the morning of March 9, 2012. On March 12, 2012, he was evaluated by Dr. Scott M. Seaton, was referred to physical therapy, and placed out of work from March 10 through March 15, 2012 as a result of his back pain.

Dr. James R. Reid, claimant's primary care physician, first treated claimant on March 23, 2012. Dr. Reid saw claimant again on April 10, at which time he placed claimant out of work from March 9 through May 10, 2012. On July 18, 2012, Dr. Reid again placed claimant out of work. On January 13, 2013, in response to an inquiry from a disability benefits specialist, Dr. Reid explained that claimant was in severe pain, was restricted from lifting, walking, and standing and was unable to work in any capacity. The physician's prognosis for improvement in claimant's condition was "very poor - - headed for SSI/permanent disability."

Nineteen days later on January 29, 2013, Dr. Reid reexamined claimant and, while he did not specifically repeat that claimant was unable to work, he did not alter his earlier assessment. He reported claimant "clearly is unable to sit for extended periods of time, concentrate, and after 30 minutes, is completely exhausted and fatigued." Dr. Reid advised claimant to continue his use of prescribed medication and to return in two months. He did not modify or comment on the claimant's work status.

The January 29, 2013 visit with Dr. Reid was claimant's last medical consultation prior to the deputy commissioner's hearing. However, in the intervening time, claimant was deposed on March 11, 2013 and questioned about his condition. At the time of the deposition, claimant stated that he was consistently experiencing "a pain level of seven to eight" and that he was taking three different pain medications on a daily basis. He detailed his inability to lift heavy objects and his need for assistance from relatives. Claimant testified that "[a]nything [he] do[es] that compresses [his] back, even vibration, . . . really hurts." He indicated he becomes "very

uncomfortable" just from "walking, sitting, [or] standing" and that his "concentration level is somewhat very hard." Claimant also stated he no longer attended physical therapy sessions because his doctor advised him they would not provide further benefit. He testified, "[My doctor is] basically telling me, 'you've got to live with the quality of life that you have.'" He also confirmed that his "doctors have [him] totally out of work" and that he did not have the "capacity [for] handling work," even light work.

Four months later on July 31, 2013 when claimant testified at the deputy commissioner's hearing, his condition had not improved. Indeed, claimant specifically testified his condition was worse than it had been the year before, explaining that he "[couldn't] do anything that [he] used to be able to do," that the condition has affected his "bladder and [his] colon," and that "any type of vibration tears [his] back up."

The deputy commissioner concluded claimant "established that he suffered a compensable injury by accident as described" and that he "is unable to work in any capacity." The deputy commissioner expressly premised his decision on "the consistent medical records and the claimant's credible demeanor at the hearing[.]"

On appeal, the full commission reversed the portion of the deputy commissioner's opinion awarding claimant temporary total disability benefits beyond January 29, 2013. In concluding claimant failed to meet his burden to prove he continued to be totally disabled the commission emphasized the record did not include any recent medical evidence. The remainder of the deputy commissioner's opinion was affirmed. This appeal followed.

ANALYSIS

Continuing Disability

"There is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time." Marshall Erdman &

Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149 (1997). "Unless we can say as a matter of law that the evidence submitted by claimant sustained his burden of proof, the commission's determination is binding upon this Court." Donovan v. United Parcel Service, Inc., 63 Va. App. 438, 445, 758 S.E.2d 99, 102 (2014) (citing Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970)).

Claimant bears the burden of proving his disability and the periods of that disability by a preponderance of the evidence. Loehr, 24 Va. App. at 679, 485 S.E.2d at 149-50. See also Byrd v. Stonega Coke & Coal Co., 182 Va. 212, 221, 28 S.E.2d 725, 729 (1944) (Although a claimant has the burden of establishing his claim, he need not do so beyond all reasonable doubt.). Furthermore, in workers' compensation cases, "[i]f there be any fair doubt about the facts, they should be resolved in favor of the claimant." Ellis v. Commonwealth Dep't of Highways, 182 Va. 293, 304, 28 S.E.2d 730, 735 (1944) (citing Scott v. Willis, 150 Va. 260, 142 S.E. 400 (1928)). Where, as here,

> there is "no conflict in the evidence, the question of the sufficiency thereof is one of law," City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965), and the same is true when there is no credible evidence to support the Commission's factual findings, Conner v. Bragg, 203 Va. 204, 207, 123 S.E.2d 393, 395 (1962).

VEPCO v. Kremposky, 227 Va. 265, 269, 315 S.E.2d 231, 233 (1984). See also Frey v. Gunston Animal Hospital, 39 Va. App. 414, 419, 573 S.E.2d 307, 309 (2002). "In other words, the commission's decision, unlike one based on conflicting facts, is not conclusive; rather, it is subject to our determination whether '"the correct legal conclusion has been reached."'" Id. (quoting Eccon Const. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981)). See also Breckenridge v. Marval Poultry Co., 228 Va. 191, 195-96, 319 S.E.2d 769, 772 (1984).

Applying this standard of review, we conclude that claimant proved his disability continued after January 29, 2013 as a matter of law based on the following evidence: the medical records that established the specific disabilities claimant suffers; the prognosis of likely permanency made by the claimant's physician; the claimant's unimpeached deposition testimony and his testimony before the deputy commissioner, likewise unimpeached, in which he detailed his continuing and deteriorating physical condition, symptoms, and inability to work as confirmed in the medical reports; and the deputy commissioner's credibility determination based on claimant's demeanor at the hearing, to which the full commission expressly deferred.

Employer relies on Loehr and Hoffman v. Carter, 50 Va. App. 199, 648 S.E.2d 318 (2007), to support its argument that claimant's evidence failed to establish his continuing disability. Employer's reliance is misplaced as both cases may be distinguished on their facts.

In Loehr, we affirmed the commission's denial of benefits because the only medical record admitted was patently inconsistent with the claim that claimant's disability was ongoing. Although the medical evidence in Loehr showed claimant's physician had placed him on light duty some ten months before the deputy commissioner's hearing and seventeen months before the hearing before the full commission, the record also showed that Loehr would eventually be returned to full duties, a fact the Court found determinative in affirming the commission's denial of ongoing disability benefits. 24 Va. App. at 680, 485 S.E.2d at 150.

In Hoffman, this Court reversed the commission's award of benefits because the work slip admitted as evidence of ongoing disability was not issued by a physician but "purportedly . . . by Clinic personnel . . . almost nine months after [the claimant's] last recorded [medical] examination." 50 Va. App. at 217, 648 S.E.2d at 327. Moreover, the claimant's testimony was ineffective as it simply restated the information in the disability slips that the commission had found wanting. Id.

Neither Loehr nor Hoffman stand for the proposition that the absence of a recent medical report specifically declaring a claimant unable to work, in itself, precludes finding that a claimant's disability is ongoing, as a matter of law. As reasoned in both decisions, the recency of such a report is only one factor to be considered, together with other credible, substantive evidence, including the claimant's testimony, in determining whether a claimant proved his disability and the periods of that disability. See Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (A claimant's testimony may be considered together with medical records to make factual findings.); see also Arthur Larson, The Law of Workmen's Compensation § 79.51(a) (1995) ("In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent.").

Accordingly, we reverse the commission's decision that the claimant was not entitled to temporary total disability benefits after January 29, 2013 as it rests on insufficient evidence and find, as a matter of law, that claimant proved his disability continued after January 29, 2013. Therefore, we remand the case to the commission to reinstate the deputy commissioner's award.

<u>Compensable Injury by Accident</u>

Employer argues claimant failed to establish he sustained a compensable injury by accident on March 8, 2012. For the reasons that follow, we find the commission did not err in concluding claimant established a compensable injury by accident.

To obtain compensation for his injuries, a claimant must prove by a preponderance of the evidence that he suffered an injury by accident "arising out of and in the course of the employment." Code § 65.2-101. On appeal, whether an employee has suffered an "injury by accident" is a mixed question of law and fact. R&R Constr. Corp. v. Hill, 25 Va. App. 376, 378-79, 488 S.E.2d 663, 664 (1997). This Court upholds the commission's findings of fact on

- 7 -

appeal if credible evidence supports them.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  However, whether those facts prove that a claimant suffered an "injury by accident" is a question of law.  Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 168, 543 S.E.2d 619, 621 (2001) (citing Tomko, 210 Va. at 699, 173 S.E.2d at 835).  The commission's findings on legal questions are not conclusive and binding upon the Court, but are properly subject to judicial review.  Id. (citing Hill, 25 Va. App. at 378-79, 488 S.E.2d at 664).

"One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable injury."  Williams v. Auto Brokers, 6 Va. App. 570, 571-72, 370 S.E.2d 321, 322 (1988) (citing Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986)).  "'Injury' means only injury by accident arising out of and in the course of employment."  Code § 65.2-101.  "An 'injury by accident' requires proof of '(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'"  Ogden Aviation Servs. v. Saghy, 32 Va. App. 89, 94, 526 S.E.2d 756, 758 (2000) (quoting Chesterfield Cnty. v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990)).

The commission found that claimant suffered a compensable injury by accident on March 8, 2012 when he lifted the trunk from the truck and felt a sharp pain in his lower back.  The deputy commissioner found claimant had "consistently described the onset of some level of pain from moving the capacitor at work."  The deputy commissioner found claimant's demeanor at the hearing credible and noted his largely consistent account of the injury was supported by the medical evidence.  As noted above, the full commission specifically deferred to the deputy commissioner's credibility determination.  The commission found claimant met his burden to prove his claim that he suffered a compensable injury by accident on March 8, 2012.  The record

fully supports that finding. Claimant's testimony, combined with the medical evidence, established claimant was injured while lifting the trunk at work.

Employer argues the commission's characterization of discrepancies in claimant's descriptions of the accident in the medical records as "minor" was error. As noted above, on appeal, we defer to the commission's assessment of the "probative weight" of the proffered evidence, and we recognize that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Contr. Services v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

Employer asserts claimant stated at various times that the pain started upon lifting the trunk, that the pain started several hours after the lifting, and that he did not feel any pain until the following morning. The deputy commissioner noted the discrepancies but concluded they were "minor" and accepted claimant's contention that the lifting was the cause of his back pain. Unless it can be said that the evidence supporting the commission's finding of fact is incredible as a matter of law, we must affirm "even though there is evidence in the record to support a contrary finding." S.P. Terry Co., Inc. v. Rubinos, 38 Va. App. 624, 632, 567 S.E.2d 584, 588 (2002) (citations omitted). Here, the record supports the commission's finding that the inconsistencies in claimant's descriptions of the accident were minor and that claimant established he suffered a compensable injury by accident.

Notice

Employer asserts the commission erred by finding claimant provided timely notice of his injury, by holding the deputy commissioner "'implicitly found that claimant provided notice less than 24 hours after his injury by accident,'" and by adopting the deputy commissioner's finding that claimant "could not have informed his medical providers about a work accident without also

- 9 -

informing" employer. Employer also contends the commission erred by awarding medical and indemnity benefits beginning March 9, 2012 without having determined a specific date of notice.

Code § 65.2-600 requires an employee to provide notice of his work-related accident to his employer "as soon thereafter as practicable." We have recognized that "'where there was no written notice but . . . where a foreman or superior officer had actual knowledge of the occurrence of an accident . . . within a reasonable time after the accident . . . occurred and no prejudice to the employer's rights was shown,'" a claimant has provided sufficient notice under this provision of the statute. Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988) (quoting Department of Game and Inland Fisheries v. Joyce, 147 Va. 89, 97, 136 S.E. 651, 654 (1927)).

The deputy commissioner found claimant "adamantly" and "credibly" testified he repeatedly informed Ragland about his injury. The deputy commissioner concluded claimant's account of the events established he provided employer with the requisite notice. The full commission agreed, deferring to the deputy commissioner's credibility determination. Ragland confirmed that he spoke with claimant several times after the accident, including the morning following the incident. Although Ragland claimed claimant had not indicated the accident occurred at work, the commission permissibly rejected his testimony. The commission found claimant gave notice the morning after the accident, emphasizing the deputy commissioner specifically found claimant's testimony credible. The deputy commissioner noted in his opinion that the commission "is not willing to believe that the claimant informed his health care providers of a work accident but not his employer." "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'" Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004)

(quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)); see also Code § 65.2-706(A). The commission reasonably inferred from claimant's testimony and the medical records that claimant promptly informed employer of the workplace accident. The commission's factual finding that claimant reported the accident to his supervisor on the morning of March 9, 2012 is supported by credible evidence. Furthermore, the record discloses no prejudice to employer resulting from claimant's failure to give written notice of the accident and injury.

### Remaining Defenses

Employer argues the commission erred in not addressing its "defenses of no proof of continuing disability and failure to market residual wage earning capacity."

As noted above, the evidence supported the commission's finding that claimant was totally disabled beginning March 9, 2012. The commission was not persuaded by employer's argument that the deputy commissioner failed to address its argument that claimant was not disabled as alleged. The record supports that finding and demonstrates claimant was totally disabled beginning March 9, 2012 through January 29, 2013.

Furthermore, because the evidence supported the commission's finding that claimant was totally disabled; claimant did not have a duty to market his residual capacity. A.G. Van Metre, Jr., Inc. v. Gandy, 7 Va. App. 207, 216, 372 S.E.2d 198, 203 (1988).

For the foregoing reasons, we affirm the commission's decision in part, reverse in part, and remand the case for entry of an appropriate award.

Affirmed in part,<br>reversed in part,<br>and remanded.