COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Felton, Judges Alston and Chafin
Argued at Salem, Virginia

WILLARD FRANCIS DONOVAN, III

OPINION BY
v.      Record No. 1871-13-3      JUDGE ROSSIE D. ALSTON, JR.
MAY 27, 2014

UNITED PARCEL SERVICE, INC. AND
 LIBERTY INSURANCE CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip B. Baker (Sanzone & Baker, L.L.P., on brief), for appellant.

Patricia C. Arrighi (PennStuart, on brief), for appellee.

Willard Donovan (claimant) appeals from an order of the Workers' Compensation

Commission (the commission) denying his request for resumption of temporary total disability

benefits. On appeal, claimant contends that the commission erred by 1) giving weight to the

opinion of Dr. Stutesman, 2) finding that claimant was on a restricted work status between

January 7, 2010 and February 28, 2010, 3) holding that claimant failed to adequately market his

residual work capacity between March 23, 2010 and April 12, 2010, and 4) finding that claimant

could perform light-duty work after April 13, 2010. Because we conclude that the evidence

supports the commission's findings, we affirm.

I. Background

On appeal from the commission, we view the evidence in the light most favorable to

United Parcel Service (employer), the party prevailing below. Tomes v. James City Fire, 39

Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002) (citing R.G. Moore Bldg. Corp. v. Mullins,

10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)).

Claimant, a delivery driver for employer, injured his left arm when he fell at work. Employer accepted claimant's injury as compensable, and the parties agreed to an award of temporary total disability benefits. The commission subsequently terminated that award when claimant returned to his pre-injury employment. A supplemental award for temporary total disability benefits was entered on September 4, 2009.

By October, claimant was again showing improvement. Claimant's treating physician, Dr. Gautham Gondi, assessed claimant on October 21, 2009 with left shoulder impingement syndrome and status post left wrist fracture and recommended that claimant continue his "work hardening [program] and progress to a home exercise program." Later that month, Dr. Andrea Stutesman prepared a work hardening report in which she released claimant to return to work. According to Dr. Stutesman's work hardening report, "[Claimant] achieved a 70 lb lift and carry without significant stress or increase of pain to the upper left extremity," and claimant stated that he was "confident that he [could] return to work with[in] [employer's] lifting requirement."

Claimant returned to his pre-injury employment on November 16, 2009.[1] His return was short-lived. For reasons unrelated to this appeal, claimant was suspended from his employment on December 1, 2009. He has not returned to his employment since.

On January 6, 2010, claimant sought medical treatment from Dr. Gondi for left wrist and shoulder pain. Dr. Gondi diagnosed claimant with left shoulder impingement syndrome, a partial thickness rotator cuff tear to the left shoulder, and a prior left wrist fracture. Dr. Gondi released claimant from work pending a follow-up examination scheduled for February 26, 2010.

Prior to his follow-up, claimant underwent an independent medical examination with Dr. Richard Wilson. Dr. Wilson addressed his findings in a written report, which stated in part,

---

[1] Upon claimant's return to his pre-injury work, employer stopped paying claimant's temporary total disability benefits. The parties later stipulated that claimant returned to his pre-injury employment on November 16, 2009, and the commission terminated the September 4, 2009 supplemental award order effective November 16, 2009.

> [Claimant] suffered a significant left wrist/forearm fracture as a result of his [work-related injury]. He has resultant degenerative changes and limitations of wrist range of motion generally at the expected level as the result of this injuring event. As documented, he has enjoyed an excellent recovery. Currently, his reported pain is significantly greater than I would anticipate given his documented excellent recovery as late as December 3, 2009. His prognosis for continued relatively normal use of the left arm is excellent.

The report further stated that Dr. Wilson "strongly questioned" whether claimant's left shoulder diagnosis was related to his work-related injury. Thus, "while [claimant] may have some current limitations due to the . . . left shoulder," Dr. Wilson opined that claimant "has no restrictions to lifting with the left upper extremity as related to" his work injury.

Dr. Gondi re-examined claimant on February 26, 2010. He noted signs of decreased strength, range of motion, and tone in claimant's left arm and instructed claimant to remain out of work with a planned release to light work on March 1, 2010. Shortly thereafter, in a letter to claimant's attorney prepared on March 2, 2010, Dr. Gondi stated that he "just recently saw [claimant] on February 26, 2010 and . . . released him to his regular work activities." Dr. Gondi also concluded that claimant was then at maximum medical improvement.

Just two weeks later, Dr. Gondi reported claimant's current work status as "no work" but also noted that claimant was "[a]ble to return to light work/activity on" March 1, 2010. Claimant understood Dr. Gondi's report as a release to light-duty work and attempted to market his residual work capacity until Dr. Gondi took him out of work on April 13, 2010.

In May, Dr. Gondi wrote to claimant's attorney expressing his opinion that claimant "is not at maximum medical improvement as of yet" and concluding that claimant should remain on no work status. Claimant subsequently remained out of work pursuant to Dr. Gondi's medical opinion at all times prior to the hearing before the deputy commissioner.

A hearing before the deputy commissioner on claimant's request for temporary total disability benefits was held on October 21, 2010. In its defense, employer argued that claimant failed to present sufficient medical evidence of temporary total disability and failed to reasonably market his residual work capacity.

Claimant testified on his own behalf at the hearing. In particular, claimant described his efforts to market his residual work capacity during the period between what he perceived as a release to light-duty work on March 15, 2010, and his return to no work status on April 13, 2010. He explained that he applied to a total of fifteen positions, including positions as a mechanical engineer, insurance agent, wireless consultant, web developer, and delivery driver for Pepsi Bottling Group. Claimant acknowledged at the hearing that he was unaware of the job requirements or duties of a mechanical engineer and that he lacked prior experience in insurance sales or web development.

Claimant also submitted the deposition testimony of Dr. Gondi, who reiterated his prior diagnoses of claimant and his opinion that claimant was not capable of performing his pre-injury employment. Throughout his deposition, Dr. Gondi expressed his opinion that claimant needed extended conservative treatment, including additional physical therapy. Thus, while he acknowledged that claimant could possibly perform light-duty work, Dr. Gondi explained that additional treatment was necessary to move claimant in a "positive direction" before he returned to light-duty, and, possibly full-time work.

The deputy commissioner denied claimant's request for disability benefits in a written opinion, finding that claimant did not meet his burden of proving temporary total disability benefits or that he reasonably marketed his residual work capacity. In support of his decision, the deputy commissioner credited Dr. Wilson's opinion that claimant had failed to timely raise his shoulder claim and considered that failure "a factor for evaluation of [claimant's] case."

Claimant assigned error to the deputy commissioner's findings and filed a request for review with the full commission.

The commission entered an opinion affirming in part and reversing in part the decision of the deputy commissioner.[2] Like the deputy commissioner, the commission gave greater weight to the opinion of Dr. Stutesman than Dr. Gondi's assessment. The commission explained:

> We fully recognize that Dr. Gondi has been the claimant's treating physician. However, as noted by the deputy commissioner, Dr. Gondi's reports are inexplicably inconsistent and uninformative. In January 2010, Dr. Gondi completely excused the claimant from work. In his February 26, 2010 office note, Dr. Gondi states that the claimant was released to light work as of March 1, 2010, but then, in a March 2, 2010 letter, he states that, when he saw the claimant on February 26, 2010, he released him to regular work. Dr. Gondi then took the claimant completely out of work. He provided no explanation for these changing conclusions of his sudden disagreement with the work hardening assessment that he had ordered.

The commission also obliquely questioned claimant's credibility, stating "that claimant did in fact return to his regular duty job, and performed that job until he was removed from it as a result of disciplinary action. It was only after the disciplinary action that claimant returned to Dr. Gondi." Finally, even assuming that claimant "had some disability for work," the evidence "clearly establish[ed] that claimant c[ould] perform light duty work." Accordingly, the commission found that claimant failed to meet his burden of proof to support his claim for temporary total disability benefits.

The commission similarly concluded that claimant failed to prove that he reasonably marketed his residual work capacity. While acknowledging that claimant applied to fifteen

---

[2] The commission concluded that the deputy commissioner made a factual error in finding that claimant failed to raise his left shoulder as an injured body part. Indeed, the commission cited employer's prior concession that the left shoulder injury was a compensable work-related injury. Accordingly, the commission reversed the deputy commissioner's determination regarding claimant's left shoulder injury and entered a medical award for claimant's left shoulder.

positions during his four-week release to light-duty work, the commission concluded that "the majority of claimant's potential positions were completely incompatible with his experience." Thus, the commission deferred to the deputy commissioner's "determination as to the adequacy of [claimant's] marketing effort."

Commissioner Marshall filed an opinion dissenting in part. In contrast with the majority opinion, Commissioner Marshall argued that Dr. Gondi's more contemporaneous medical treatment provided a more reasonable assessment of claimant's condition during the period in which claimant alleges a temporary total disability. Commissioner Marshall also considered claimant's evidence sufficient to prove that he "exercise[d] reasonable diligence in seeking employment."

Claimant thereafter filed a request for reconsideration, which the commission denied. This appeal followed.

## II. Analysis

"[A] party seeking [workers'] compensation bears the burden of proving his disability and the periods of that disability." Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997). Unless we can say as a matter of law that the evidence submitted by claimant sustained his burden of proof, the commission's determination is binding upon this Court. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). Moreover, we defer to the commission's assessment of the "probative weight to be accorded [medical] evidence," and, if it is in conflict, the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Services v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

On appeal, claimant contends that the commission erred in finding that he failed to prove his entitlement to temporary total disability benefits. He maintains that the relevant medical evidence unequivocally supports his claim for benefits and that the commission erred by not adopting the opinion of his treating physician.[3] In support of this conclusion, claimant alleges that the commission violated its policy of rejecting stale evidence and erred as a matter of law by giving greater weight to the opinion of Dr. Stutesman. In essence, claimant requests that this Court reweigh the evidence in his favor.[4] We decline to do so.

Whether evidence is stale because it no longer reflects a claimant's medical condition is viewed as a question of fact, no different in essence from the obvious principle that evidence closer in time to the relevant event *may* be considered more persuasive than evidence more remote in time. Timeliness, however, is not the only factor in evaluating the persuasiveness of evidence. Rather, it is simply one variable among many that may influence a fact finder's decision to attribute different weight to different evidence in a particular case. As noted above,

_____

[3] This argument undergirds both assignment of error I and IV as they are developed in claimant's brief. Accordingly, we consider both assignments of error in one analysis.

[4] Claimant also alleges that "the commission erred in finding that [claimant] was on a restricted [light-duty] work status from January 7, 2010, through February 28, 2010, when there was no competent contrary evidence as to his work status."
That assignment of error is not properly before this Court, as claimant did not raise the issue before the commission. Claimant cites to his request for review of the deputy commissioner's opinion as "the page[] of the . . . appendix where [the] assignment of error was preserved . . . ." See Rule 5A:20(c). This is problematic for a number of reasons. Our review extends to the commission's holding, not the opinion reached by the deputy commissioner. See Tyco Elecs. & Ins. Co. of the State of Pa. v. VanPelt, 62 Va. App. 160, 178, 743 S.E.2d 293, 302 (2013) ("We do not review the opinion of a deputy commissioner."). But even if our review included the deputy commissioner's opinion, the deputy commissioner did not make a finding that claimant was on a restricted work status from January 7, 2010, through February 28, 2010. And even if the deputy commissioner made such a finding, this issue would still be waived because claimant did not actually assign error to such a finding in his request for review. See Rule 5A:18 ("No ruling of the . . . Virginia Workers' Compensation Commission will be considered for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."). Nor did claimant raise this error in his request for reconsideration of the commission's opinion.

we defer to the commission's assessment of the "probative weight to be accorded [medical] evidence," and, if the evidence is in conflict, the commission "is free to adopt that view which is most consistent with reason and justice." Robinson, 32 Va. App. at 5, 526 S.E.2d at 269 (quoting C.D.S. Const. Services, 218 Va. at 1070, 243 S.E.2d at 240).

Here, the commission assessed the medical evidence consistent with this principle, and we must defer to the commission's findings. While acknowledging that Dr. Gondi was claimant's treating physician, the commission explained that his opinion changed frequently and often without explanation. In particular, the commission noted the apparent inconsistency between Dr. Gondi's "February 26, 2010 office note . . . that claimant was released to light work as of March 1, 2010," and his March 2, 2010 letter stating that "when he saw . . . claimant on February 26, 2010, he released him to regular work." In light of Dr. Gondi's "inconsistent and uninformative" assessments, the commission announced that it was "more persuaded by the conclusion of Dr. Stutesman, which was based upon an objective work hardening evaluation." Finally, the commission expressed concerns regarding claimant's credibility, noting that claimant returned to his pre-injury work, performed his work without exacerbating his injury, and only related complaints of increased left wrist and shoulder pain after being suspended from his work.

Viewing this evidence in the light most favorable to employer, as the prevailing party below, we cannot find as a matter of law that the evidence sustained claimant's burden of proof. See Tomko, 210 Va. at 699, 173 S.E.2d at 835. The medical evidence was subject to the commission's factual determination. The commission's findings on those facts are supported by credible evidence and are binding on appeal. We therefore affirm the commission.

Because we affirm the commission's decision that claimant failed to prove that he was temporarily totally disabled, it is not necessary for us to consider whether claimant proved that he reasonably marketed his remaining work capacity.

<u>Affirmed.</u>