COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Malveaux and Chaney
Argued by videoconference


MICHAEL TERRY DUNCAN
                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0075-23-3                JUDGE MARY BENNETT MALVEAUX
                                                      FEBRUARY 13, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLOYD COUNTY
K. Mike Fleenor, Jr., Judge

(Ryan D. Hamrick; Hamrick and Hamrick Attorneys at Law, on
brief), for appellant. Appellant submitting on brief.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Michael Terry Duncan ("appellant") appeals his conviction by a jury for possession of a

firearm by a felon, in violation of Code § 18.2-308.2. He argues that the evidence was insufficient

to prove he possessed a firearm found in a gun safe within his residence. For the following reasons,

we affirm appellant's conviction.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Walker v. Commonwealth*,

74 Va. App. 475, 481 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)), *aff'd*,

__ Va. __ (June 1, 2023). "Accordingly, we discard any of appellant's conflicting evidence, and

regard as true all credible evidence favorable to the Commonwealth and all inferences that

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

reasonably may be drawn from that evidence." *Massie v. Commonwealth*, 74 Va. App. 309, 315 (2022).

In May or June 2020, Brian Deskins, a cooperating individual for the Floyd County Sheriff's Office, visited appellant at his residence.[1] While the two men discussed hunting and fishing, Deskins asked to buy a 12-gauge Benelli shotgun from appellant. Appellant told Deskins "he'd done sold it," and Deskins "never got to see it." But appellant showed Deskins another shotgun, which Deskins described as appellant's "personal one," which was not for sale. Deskins described the shotgun as a 20-gauge that was "camouflaged" in appearance, and he testified, without objection, that the shotgun "meant something to [appellant]. It was his gun." Appellant also told Deskins that "he had some [guns] at his dad's."

Police obtained a search warrant for appellant's residence at 372 Jerry Lane and executed the warrant on the morning of August 28, 2020. Investigator James Bohnke and other officers knocked and announced their presence at the residence, and when no one answered, they entered the home. There, they found appellant standing in the doorway of the master bedroom.[2] Inside the bedroom, officers found appellant's wallet and driver's license on the bedside table.

In another bedroom, which did not contain a bed or any clothing, officers found two dressers, tools, workout equipment, and "miscellaneous items." One of the dressers contained a kennel card issued to appellant. In the bedroom's closet, officers found a locked gun safe and, on top of the safe, a live shotgun shell.

The home also contained a display area exhibiting trophies, awards, and certificates; one of the certificates was in appellant's name. Hanging on one of the trophies was a set of "barrel

---

[1] Deskins testified that he became a cooperating individual after police found him in possession of prescription drugs for which he had no prescription.

[2] A woman was also in the home at the time. In his opening statement, counsel for appellant told the jury that the woman was appellant's girlfriend.

keys." The keys fit the gun safe, and when officers opened the safe they discovered ammunition and two loaded firearms—a 20-gauge shotgun and a 10/22 Ruger. The shotgun had a wooden stock and a black barrel, while the Ruger had a black stock and a black barrel. Bohnke acknowledged that neither firearm was camouflaged. He also acknowledged that the gun safe was located on the opposite side of the home from the bedroom where officers encountered appellant.

After appellant was informed of his *Miranda* rights,[3] he told Bohnke that he was the only person who lived at 372 Jerry Lane. When appellant learned that officers had found firearms in the home, he did not appear shocked or surprised. Appellant told Bohnke that "he knew of [the firearms] being in the residence," but that "they were not his, they were his brother[ David]'s."

Appellant moved to strike at the close of the Commonwealth's case-in-chief. The trial court denied the motion, noting that "it is a constructive possession case" that would "ultimately [be] a question for the jury to decide."

Appellant's sister, Kimberly Lawson, testified on appellant's behalf. She stated that the residence at 372 Jerry Lane belonged to her mother and stepfather, but that they had not lived there for several years. While "[a]ll the kids had access to that house," including herself and her brothers Alan and David, Lawson believed that family members used the home only "[s]paringly." She also believed that no one was living in the home on August 28, 2020.

Lawson noted that the gun safe had been found "in Little David's room" and stated that "to [her] knowledge, that is Little David's gun safe." She explained that her family took part in showing hunting dogs at dog shows and that both appellant and David had earned the dog show trophies on display in the house.

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellant introduced pieces of mail addressed to Amber Duncan, Nigel Duncan, and David and Haley Lucas—respectively, appellant's ex-wife, son, brother, and sister-in-law—that had been delivered to 372 Jerry Lane.

Appellant renewed his motion to strike after presenting his evidence, and the trial court denied the motion. The jury convicted appellant of possession of a firearm by a felon.

This appeal followed.

## II. ANALYSIS

Appellant argues that the jury erred in finding the evidence sufficient to convict him of possession of a firearm by a felon.[4]

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by

---

[4] During its case-in-chief, the Commonwealth entered into evidence four prior felony conviction orders for appellant. On brief, appellant argues only that the evidence was insufficient to prove that that he possessed a firearm. He does not argue that the evidence was insufficient to prove that he was a previously-convicted felon, and accordingly, that issue is not before this Court. *See Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (noting that on appeal, failure to develop an argument on an issue waives that issue); Rule 5A:20(e).

the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)). Moreover, "[t]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000) (quoting *Fisher v. Commonwealth*, 228 Va. 296, 299 (1984)). "In all other cases, we must defer to the conclusions of 'the fact finder[,] who has the opportunity of seeing and hearing the witnesses.'" *Id.* (alteration in original) (quoting *Schneider v. Commonwealth*, 230 Va. 379, 382 (1985)). "The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in whole or in part, the testimony of any witness." *English v. Commonwealth*, 43 Va. App. 370, 371 (2004) (citations omitted).

Appellant contends that he did not possess the firearms found in the gun safe. He notes that the recovered firearms did not match Deskins's description of appellant's "camouflaged" personal firearm that Deskins saw in appellant's possession. Appellant also notes that when police executed the search warrant, he was in the bedroom that did not contain the gun safe and was on the opposite side of the home from the gun safe. Furthermore, the gun safe was locked and the key was found among display items that bore the names of both appellant and his brother David. Finally, appellant points to Lawson's undisputed testimony that the residence was used by multiple family members, the room containing the gun safe was David's room, and the safe belonged to David.

- 5 -

Code § 18.2-308.2(A) provides, in pertinent part, that "[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." Possession may be proven "by showing either actual or constructive possession." *Birdsong v. Commonwealth*, 37 Va. App. 603, 607 (2002) (quoting *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998)).

To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that it was subject to his dominion and control." *Terlecki v. Commonwealth*, 65 Va. App. 13, 24 (2015) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). "[P]roof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an . . . occupant of property . . . , the person necessarily knows of the presence, nature and character of [contraband] that is found there." *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992)). Moreover, "occupancy . . . of premises where [contraband is] . . . found is a circumstance that may be considered together with other evidence tending to prove that the . . . occupant exercised dominion and control over" the contraband. *Redmond v. Commonwealth*, 57 Va. App. 254, 264-65 (2010) (first three alterations in original) (quoting *Burchette*, 15 Va. App. at 435). But to support an inference that a property's occupant possessed contraband located on the premises, "the . . . occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature and character of the contraband at the time of such . . . occupancy." *Id.* at 265.

"Whether evidence is sufficient to prove constructive possession 'is largely a factual' question" requiring "circumstantial proof." *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009)). "[C]ircumstantial

- 6 -

evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000), and "[w]hile no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion,'" *Pulley v. Commonwealth*, 74 Va. App. 104, 128 (2021) (quoting *Holloway v. Commonwealth*, 57 Va. App. 658, 665-66 (2011) (en banc)).

Here, appellant's own statements and conduct support the conclusion that he was aware of the presence, nature, and character of the firearms police found when they searched the home. Appellant stated that he was the only person who lived in the home, and he expressed no surprise or shock when told that officers had found firearms in the residence. Additionally, he told Investigator Bohnke that "he knew of [the firearms] being in the residence." Further supporting appellant's awareness of the firearms is the fact that, despite Lawson's testimony that the gun safe was found in "David's room," no bedding or clothes were found in that bedroom to support David's residence or active presence in the home. And although Lawson testified, without contradiction, that the gun safe belonged to David, she made no representation that the firearms found inside the safe were David's. Considering the combined force of these facts and circumstances, and the reasonable inferences flowing therefrom, a rational trier of fact could have concluded that appellant was aware of the presence, nature, and character of the firearms found in his residence.

The evidence also supports the conclusion that the firearms in the gun safe were subject to appellant's dominion and control. The key to the gun safe was found hanging on a trophy in plain view in a display area of the home. Appellant thus had ready access to the key to the gun safe, and accordingly, to the firearms the safe contained. One of those firearms was a 20-gauge

- 7 -

shotgun, and Deskins testified that when he visited appellant a few months before police searched the home, appellant showed him his "personal" 20-gauge shotgun. And although Deskins described that shotgun as "camouflaged," while Bohnke stated the 20-gauge found in the gun safe was black, the jury was free to disregard Deskins's more dated recollection of the gun's color and infer that the safe contained the "personal" shotgun appellant had shown to Deskins. *See English*, 43 Va. App. at 371; *Blankenship*, 71 Va. App. at 619. Thus, considering these facts and circumstances and the reasonable inferences that flow from them, a rational trier of fact could have concluded that the firearms found in the gun safe were subject to appellant's dominion and control.

Based on the totality of the evidence, a rational trier of fact could have concluded beyond a reasonable doubt that appellant knew of the presence, nature, and character of the firearms in his residence and that the firearms were subject to appellant's dominion and control. It thus follows that the jury did not err, as alleged by appellant, in convicting appellant of possession of a firearm by a felon.

## III. CONCLUSION

We hold that the evidence was sufficient to sustain appellant's conviction for possession of a firearm by a convicted felon. Accordingly, we affirm appellant's conviction.

*Affirmed.*